# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

  v.                 Case No. 07-CR-30

**ALAN SIMMONS**
   **Defendant.**

## TEMPORARY RESTRAINING ORDER

  The government moves pursuant to the All Writs Act, 28 U.S.C. § 1651, for an order freezing defendant Alan Simmons's checking account at North Shore Bank. On January 31, 2008, a jury found defendant guilty of the armed robbery of the Ozaukee Bank in Cedarburg, Wisconsin, and the testimony at trial revealed that defendant and his cohorts obtained $177,000 from the crime. The government indicates that it has recently learned that defendant has over $24,000 in the North Shore account, and that on February 4, 2008 he sent a third party to attempt to withdraw all funds from the account. The government wants the funds in defendant's account to be available to satisfy the mandatory restitution order in this case, see 18 U.S.C. § 3663A (indicating that restitution is mandatory in crimes of violence and crimes against property); United States v. Newman, 144 F.3d 531, 537 (7th Cir. 1998) (indicating that armed bank robbery is covered by the Mandatory Victims Restitution Act), and believes that today's attempted withdrawal of such funds constitutes an attempt to hide this asset. The government's motion is supported by the affidavit of FBI Special Agent Benjamin Hruz, who has investigated the matter.

  Federal courts are authorized under the All Writs Act to "issue all writs necessary or

appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. District courts have under the Act issued restraining orders to ensure the availability of funds for restitution and other court-ordered financial obligations. See, e.g., United States v. Runnells, 335 F. Supp. 2d 724, 725-26 (E.D. Va. 2004) (issuing an order restraining the defendants and their agents from diverting funds to avoid paying restitution); United States v. Abdelhadi, 327 F. Supp. 2d 587, 600 (E.D. Va. 2004) (issuing a restraining order to ensure the future availability of assets to satisfy restitution); United States v. Gates, 777 F. Supp. 1294, 1295-96 (E.D. Va. 1991) (recognizing the court's power to freeze the defendant's assets after conviction and prior to sentencing where necessary to ensure the defendant would pay court-ordered financial obligations). I find that such an order is appropriate here.

**THEREFORE, IT IS ORDERED** that defendant, and any and all persons working in concert with him, is hereby **RESTRAINED** from transferring, diverting, withdrawing or otherwise disbursing any funds in North Shore Bank Account Number 74020595, pending further order of this court. Defendant may make immediate application to the court to dissolve this order and/or request a hearing on the issue, and until this matter is resolved on a permanent basis may make application to the court to obtain and spend the funds in this account for specified purposes.[1]

---

[1] The government requests that I issue an order directing North Shore Bank to freeze the account. However, the government provides no jurisdictional basis for me to order the Bank (as opposed to defendant) to take any action. Cf. United States v. Kirschenbaum, 156 F.3d 784, 794 (7th Cir. 1998) ("A district court may not enjoin non-parties who are neither acting in concert with the enjoined party nor are in the capacity of agents, employees, officers, etc. of the enjoined party."); United States v. Lugo, 63 F. Supp. 2d 896, 897 (N.D. Ill 1999) (indicating, in the context of requested restraining order in aid of possible forfeiture of assets, "that the court may restrain only non-parties over whom it has jurisdiction, including a defendant's

2

Dated at Milwaukee, Wisconsin, this 5th day of February, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

agents and employees, and those acting in concert with the defendant"). If the government can provide such authority, I will consider modifying this order.