# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                              Case No. 07-CR-30

**ALAN SIMMONS**
        **Defendant.**

## DECISION AND ORDER

The government obtained an order for a writ of execution to levy on funds held by North Shore Bank to satisfy defendant's outstanding restitution obligation. Defendant filed a motion for a hearing, proposing that the funds be placed in a trust for the purpose of satisfying his child support obligations. In a later motion, he further requested that his restitution obligation be reduced to reflect the amount he personally received from the crime. I deny his motions.

**I.**

On January 31, 2008, a jury found defendant guilty of bank robbery and related offenses, and I set the case for sentencing on May 8, 2008. The trial testimony revealed that defendant and his two co-actors obtained over $177,000 from the crime.

On February 4, 2008, the government moved for an order freezing defendant's bank account ****0595 at North Shore Bank, indicating that it had recently learned that defendant had over $24,000 in the account, which he had attempted to withdraw through a third party. The government wanted the funds in the account to be available to satisfy the mandatory restitution order in this case. On February 5, 2008, I issued a temporary restraining order but allowed defendant to make application to the court to access the funds in the account for

specified purposes.

Defendant subsequently sought access in order to hire new counsel. I was also informed that Milwaukee County child support authorities intended to make a claim on the funds to satisfy defendant's support arrears, and a state court subsequently issued a TRO for that purpose. On March 27, 2008, I held a hearing on the issue. The government indicated that it expected the state to take at least some of the funds to satisfy arrears, that the state decision should come first, and that it would seek any remaining amount for restitution. I declined to rule on the funds at that time, and defendant indicated that he would continue with his current counsel until a decision on the funds was made. The government was to advise me of the results of the state court hearing and further proceedings would be scheduled thereafter as necessary.

On May 8, 2008, I sentenced defendant to 180 months in prison and $177,500 restitution, joint and several with the co-actors, Antonio Mann and Mark Campbell. At the hearing, the government advised that the state court ordered about $16,000 in the account be disbursed towards child support, leaving about $8000, and the government asked me to put the remaining amount towards restitution. Defense counsel asked that the money be released so defendant could hire appellate counsel. I required the remaining funds in the bank account be put towards restitution.

Defendant appealed his conviction and sentence, challenging the sufficiency of the evidence, certain conduct by the prosecutors during closing arguments, and the application of a guideline enhancement. He did not challenge any aspect of the restitution order. The court of appeals rejected his arguments and affirmed. United States v. Simmons, 581 F.3d 582 (7th

2

Cir. 2009).[1]

On May 28, 2014, the government applied for a writ of execution pursuant to 28 U.S.C. § 3203, seeking to levy on the funds held by North Shore Bank in account number ****0595. The government further asked the court to lift the temporary restraining order entered on February 5, 2008, in order to execute on any funds remaining at North Shore Bank. Without objection, on June 13, 2014, I granted the requested order.

On June 17, 2015, the government filed a certificate of service of the application, order, writ of execution, and clerk's notice of post-judgment execution. On July 6, 2015, defendant filed a motion for a hearing. He indicated that there was a prior judgment for child support that takes precedence over the restitution. Defendant proposed that the funds in the bank account be placed in a trust for the purpose of satisfying the child support judgment.[2]

I directed the government to respond, and in its response the government opposed defendant's request, noting that the state court was permitted to proceed first regarding the North Shore account, allocating most of those funds towards child support. Specifically, on April 16, 2008, the state court ordered that the funds in the account be distributed as follows: $7019.65 disbursed to the petitioner (the mother of defendant's children); $262.40 disbursed to the state; $5880.00 to be seized and held for future child support for the next 24 months; and $3413.00 to be seized and paid to the state in another case of defendant's to pay for birth

---

[1] On December 17, 2010, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that his trial counsel provided ineffective assistance and that I erred in ordering him to participate in the Inmate Financial Responsibility Program ("IFRP") as a means of paying restitution. I denied that motion, and the Seventh Circuit declined to issue a certificate of appealability.

[2] He attached to the motion a document listing exemptions under federal law, 18 U.S.C. § 3613, including income necessary to comply with judgments for support of minor children.

3

expenses. The state court concluded that the total amount of $16,575.00 would be seized for both of defendant's support cases; the remaining balance would remain under the federal restraining order.³ The government indicated that the pending writ of execution sought to effectuate my order at sentencing – that the remaining balance in the account be applied to restitution. The government further noted that the restitution balance was $173,260.67 and that as of July 14, 2015, just $325.55 remained in the North Shore account.

I permitted defendant to reply, and on August 17, 2015, he filed a motion, indicating that the balance in the North Shore account should be greater – about $8000. He asked that the court request the total balance from the account and hold a hearing for the sake of his children. He further requested that the court reduce his restitution obligation, noting that at trial Mann and Campbell testified that defendant received $30,000 in robbery proceeds.

In a letter dated August 26, 2015, the government indicated that North Shore Bank would only provide it with the account balance. If account transactional history was desired, that information could be provided on defendant's request or upon a court order.

**II.**

Defendant provides no basis for holding a hearing on the remaining funds in the North Shore account. I previously allowed state child support authorities to proceed first regarding those funds, and the state court seized about $16,000 to satisfy defendant's current and future support obligations. I ordered that the balance be allocated to restitution, and defendant did not appeal that determination. While defendant mentions a child support judgment – and

---

³The government attached to its response state court records confirming this order. Those records further indicate that on May 5, 2010, the final monthly support payment from the funds held by the court issued. The final docket entry, from October 27, 2010, indicates that neither petitioner or respondent appeared, and the matter was removed from the calendar.

4

alludes to an exemption from levy for income needed to comply with a judgment for child support – he supplies no such order or judgment that might now apply to the funds in the North Shore account.[4]  As indicated above, court records show no action on the child support case since 2010, when the final payment from the funds seized by the state court issued.

Defendant also provides no basis for reducing his restitution obligation.  He failed to challenge the order on direct appeal, and the district court generally lacks jurisdiction to revisit a sentence years later.  See Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997).  In any event, in a case in which multiple defendants contributed to the loss, the court may make each defendant liable for payment of the full amount of restitution, which is what I did here. See United States v. Adeniji, 221 F.3d 1020, 1029 (7th Cir. 2000) ("Congress has specifically authorized joint and several liability for restitution in cases involving joint criminal endeavors, see 18 U.S.C. § 3664(h), and we have previously indicated that such restitution orders are appropriate, so long as the total restitution mandated does not exceed the amount of the loss.").

**III.**

**THEREFORE, IT IS ORDERED** that defendant's motions (R. 127 and 131) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of September, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[4]The precise amount remaining in the North Shore account does not impact this determination.  Defendant is free to contact the bank to obtain transactional history.

5